## THE ZOUAVE.

## McWILLIAMS and another *v.* THE ZOUAVE.

*(District Court, D. New Jersey. December 8, 1886.)*

1 ADMIRALTY—RULE 53—COUNTER-CLAIM—CROSS-LIBEL.

The original libel was for repairs made to a boiler, which had been constructed by the libelants for the respondent under a contract which stipulated for the use of a certain well known brand of iron. A different quality of iron from that agreed on was used, with the consent of the respondent, on the representations of the libelants that it was equally as good and just as expensive as the other; and the boiler was, on delivery, accepted and paid for by the respondent. Subsequently the repairs now sued for were put on the boiler, and the respondent files a cross-libel for a counter-claim for damages for breach of the original contract. *Held*, that such counter-claim does not arise out of the same cause of action for which the original libel was brought, as contemplated by admiralty rule 53.

2. SET-OFF AND COUNTER-CLAIM—UNLIQUIDATED DAMAGES.

To authorize a set-off, the debts must be between the same parties in their own right, and be of the same kind or quality, and be clearly ascertained or liquidated. Neither at law nor in equity can unliquidated damages be allowed under the defense of a set-off.

*(Syllabus by the Court.)*

In Admiralty.

*Bedle, Muirheid & McGee,* for libelants.

*Griffin & Romeyn,* for respondents and cross-libelants.

WALES, J. This is a libel for work done and materials furnished in making repairs to the boiler of the tug-boat Zouave. The boiler had been originally constructed by the libelants, under a contract between them and the owner of the tug, in which it was stipulated that the iron used in making the furnace and flue-heads should be of the best quality, known to the trade by the brand of "E. L. F. B.," which means "Extra Locomotive Fire-box Iron." The owner and respondent discovered, before the completion of the boiler, that the libelants were using another and different quality of iron from that agreed on, and complained of the change; but, on being assured by the libelants that the substituted iron was equally as good, and just as expensive, as the other, and not being himself a judge of the article, he waived further objections at the time, relying on the representations of the libelants, and notifying them that he would hold them responsible for any damage that might ensue from the change of material. The contract was entered into September 7, 1883, and the boiler was put in the tug about one year after that date, and was accepted and paid for by the respondent. From the schedules annexed to, and forming a part of, the libel, it appears that the first bill for repairs was contracted in March, 1885, and that further repairs were made at intervals, until January of the present year, amounting in all to the sum of $820. The cross-libel seeks to recover damages from the libelants for the breach of their contract in using an inferior quality of iron in building the boiler, whereby the repairs were made necessary, and the tug thrown out of employment for several days. It is also alleged that, in consequence of the leaky condition of the boiler, an extra quantity of coal was required to keep up steam, and that additional repairs will be needed to put it in good working order. These separate items of loss and damage amount by estimation to the sum of $3,500.

The principal exception to the cross-libel is that it sets up a counter-claim which does not arise out of the same cause of action for which the original libel was filed, as contemplated by admiralty rule 53. The exception is well made; for it is evident that here are two distinct and different causes of action,—one action growing out of a breach of one contract, and the other action being for work and materials in making repairs under another and separate contract. The two causes of action are related to each other only in so far as the parties to them are the same, and that the thing built and subsequently repaired is the same. But the simple fact that the article which was the subject-matter of the original contract is the same article on which the repairs were made, does not create such a connection or union of the claim and counter-claim that the two may be said to spring from the same cause of action, in the sense in which the words are used in the rule. Conceding that the libelants were in fault in making use of an inferior quality of iron in constructing the furnace and flue-heads, and different from that agreed on, there can

be no presumption here of an implied undertaking that they would keep the boiler in repair after its delivery to and acceptance by the respondent. The libelants sue *in rem* to enforce a lien for repairs. The cross-libel is for damages growing out of another and former transaction between the parties. The claim of the libelant and the counter-claim of the respondent are only indirectly connected with each other, and the remedy of the latter is at common law.

In his answer the respondent pleads the damages as a set-off to the libelants' demand. But this defense cannot be sustained in the present case, on the principle, well recognized both at law and in equity, that unliquidated damages cannot be the subject of a set-off. To authorize a set-off the debts must be between the parties in their own right, and must be of the same kind or quality, and be clearly ascertained or liquidated. They must be certain and determinate debts. *Duncan* v. *Lyon*, 3 Johns. Ch. 359; *Howe* v. *Sheppard*, 2 Sum. 409. And by the civil law it was necessary that the debt or claim, to be compensated, should be certain and determinate, and actually due, and in the same right and of the same kind as that on the other side. Story, Eq. Jur. § 1441.

In *The C. B. Sanford*, 22 Fed. Rep. 863, the libel was for materials furnished and repairs made to a steam-tug. In that case the respondent admitted the libelant's claim, but filed a cross-libel and set up a counter-demand for services, not maritime in their nature, theretofore rendered to the libelants. The set-off, being for a fixed and ascertained amount, was allowed; but the cross-libel for the same was dismissed.

In the case at bar, for the reasons stated, neither can be sustained, and the exceptions must be allowed.